UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CLIFFORD O'NEAL CALVIN, )<br>  )<br>          Plaintiff, )<br>  )<br>v. )<br>  )<br>DR. LIPSEY, et al., )<br>  )<br>          Defendants. ) | No. 1:06-cv-1309-RLY-WTL |

**Entry Discussing Motions for Summary Judgment**

Clifford Calvin ("Calvin") is endentulous (without teeth) and alleges that the defendants have violated his Eighth Amendment right to constitutionally adequate medical care at the Putnamville Correctional Facility ("Putnamville"), a prison operated by the Indiana Department of Correction ("DOC"). The defendants are Dr. Lipsey, a dentist employed by Mid America Health as the Dental Director for Putnamville, and Dr. Amos, a medical doctor employed as the Medical Director of the DOC. Dr. Amos is the final reviewing authority for the DOC for matters concerning inmate dental care. The defendants seek resolution of Calvin's claims against them through separate motions for summary judgment. These motions should be granted if, construing the evidentiary record most favorable to Calvin as the non-movant, there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Scott v. Trump Ind., Inc.,* 337 F.3d 939, 945 (7th Cir. 2003). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "Factual disputes are 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the [nonmovant].'" *Oest v. Illinois Dep't of Corrections,* 240 F.3d 605, 610 (7th Cir. 2001) (quoting *Anderson,* 477 U.S. at 248). Judgment as a matter of law is appropriate when a party "fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

Calvin's claim is asserted pursuant to 42 U.S.C. § 1983. Subject matter jurisdiction over Calvin's claim is conferred by 28 U.S.C. § 1331. Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred. *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

The constitutional provision pertinent to Calvin's claim is the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). The Eighth Amendment imposes a duty on prison officials to provide medical care to inmates. *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). In order for an inmate to state a claim under §1983 for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994) (construing *Estelle*). A condition is serious if "the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997) (citation and internal quotations omitted).

The undisputed material facts established by the evidentiary record, construed in the manner most favorable to Calvin as the non-movant, are the following:

1. Calvin is a convicted offender confined at Putnamville.

2. Calvin asserts that he first received dentures from the Branchville Correctional Facility in February of 1997. He had those dentures until December 12, 2003, when Echo Community Health Care paid for his new set, though these were subsequently lost.

3. Calvin has pain chewing, swallowing and digesting which he attributes to his lack of dentures. Dr. Rohanna of Correctional Medical Services (another health services provider which contracts with the DOC) told him that his acid reflux problems were related to his failure to chew his food. In addition, his throat cancer is aggravated by his inability to chew his food.

4. Teeth are not necessary to sustain nutrition in a person or to facilitate speech. A person who is endentulous may become well adjusted to life without teeth. A person's level of adjustment to life without teeth may be deduced by the length of time a person has gone without teeth and the absence of requests for dental care. Calvin, however, is not a person who has become well adjusted to life without teeth at present or at the time pertinent to his claims in this case.

5. Upon receipt of an offender into the DOC, an offender is given an initial screening of dental health within thirty (30) days of his arrival. During this examination, which is performed by a dentist, the dentist is to document an initial treatment plan that includes treatment for any urgent dental needs.

6. An offender upon being received into the DOC is instructed that during his incarceration if he is in need of dental care he is to complete a request for health care form.

7. Calvin's initial dental screening in the DOC was performed on June 10, 2005. At that time, Calvin wore no dentures and he reported that his last visit to a dentist was prior to June 10, 2001.[1] Calvin received dentures from Echo Community Health Care on December 12, 2003, while he was not incarcerated, but testified that he did not have his dentures with him when he was arrested. Aff. at Dkt. 30. The offender grievance response report states that he lost his dentures in December 2004 (dkt 38, at p.7), while his grievance appeal states that he had dentures from December 12, 2003 until June 2005, when they were lost by jail officers. Dkt 38 at p. 9.

8. The DOC does provide prosthetics, but offenders who are well adjusted to being endentulous for periods of two years or more prior to incarceration are not to be provided dentures unless a specific related disability can be identified.

9. The DOC Dental Services Manual provides that dental prosthesis that are less than six years old will not be replaced. Prostheses are expected to last at least six (6) years and during this time an offender is responsible for the costs associated with repair or replacement of the device.

10. On July 13, 2005, Calvin requested a fitting for dentures stating that he suffered great pain due to a cancer in his throat. Dr. Lipsey submitted a request for prosthetic (dentures) on behalf of Calvin. The Dental Director of Mid America Health, a non-party, denied the request in December of 2005 because Calvin had been without teeth for a period of more than two years and his status of periodontal health was fair. Dkt 38, at 8. Dr. Amos concurred in the Dental Director's denial of a prosthetic for Calvin.

11. In December of 2005, after his first request was denied, Calvin made a second request for dentures. Dr. Lipsey responded by making a second request on Calvin's behalf. Calvin's second request was denied by the Dental Director of Mid America Health in March of 2006, because Calvin had received dentures from Echo Community Health Care in December of 2003, which was within six years of the request, but he had lost that appliance, and his status of periodontal health was fair. Again, Dr. Amos concurred in the Dental Director's denial of a prosthetic for Calvin.

---

[1] While it is undisputed that the plaintiff made this statement during his initial screening, it appears to contradict his claim that he received dentures in 2003. Although not material to this Entry, there is a question of fact regarding when Calvin last saw a dentist.

Despite the defendants' contention otherwise, Calvin has established the first prong of an Eighth Amendment claim with respect to his dentures. The Seventh Circuit has repeatedly recognized that delays in treating painful medical conditions that are not life-threatening can support Eighth Amendment claims. *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997) (citing *Cooper v. Casey,* 97 F.3d 914 (7th Cir. 1996)). Indeed, dental care is "one of the most important medical needs of inmates." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Calvin provides evidence that he has pain chewing, swallowing and digesting, which he attributes to his lack of dentures. Specifically, Calvin asserts that Dr. Rohanna of Correctional Medical Services told him that his acid reflux problems were related to his failure to chew his food. In addition, he asserts his throat cancer is aggravated by his inability to chew his food. These circumstances are sufficient to establish a material question of fact regarding whether Calvin had a serious medical need for his dentures. *See, e.g. Board v. Farnham,* 394 F.3d 469, 480 (7th Cir. 2005); *Farrow v. West*, 320 F.3d 1235, 1246 (11th Cir. 2003) (deliberate indifference when inmate had only two teeth, causing severe gum soreness, swelling, and weight loss because prison doctor failed to complete and deliver medically necessary dentures); *Cooper v. Schriro*, 189 F.3d 781, 783-84 (8th Cir. 1999) (reversing dismissal of complaint where prisoner alleged defendants refused to treat his decayed and cracked teeth); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (reversing dismissal of complaint where prisoner alleged extreme pain, deterioration of teeth and inability to eat properly); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996) (recession or bleeding of the gums); *Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) (deterioration of teeth due to lack of treatment); *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (reversing grant of summary judgment for defendants where prisoner alleged that prison's refusal to replace his lost dentures led to bleeding and infected gums, brittle teeth and pain due to his inability to eat properly). *Moralis v. Flageole,* 2007 WL 2893652 (C.D. Ill. 2007) (surveying and endorsing decisions affirming the importance of adequate dental care).

Having determined that a serious medical need for dentures has been alleged, the court next analyzes whether the defendants were deliberately indifferent to the harm from the persistent denial of such dentures. *Wynn*, 251 F.3d at 593; *Board v. Farnham,* 394 F.3d 469, 481 (7th Cir. 2005). As to Dr. Amos there is no evidence that he was aware of Calvin's alleged significant medical condition or that Calvin had a serious dental health condition that required immediate treatment each time he made the decision to deny Calvin dentures. In making his decision, Dr. Amos reasonably relied upon the information submitted to the Dental Director and the Dental Director's subsequent denial of Calvin's request. That information did not include the alleged fact that Calvin was in great pain and that the lack of dentures was aggravating his throat cancer and acid reflux. Therefore, there is no evidence that Dr. Amos was deliberately indifferent to Calvin's dental problems. When a moving party shows that the opposing party lacks evidence to support each element of a claim, summary judgment must be granted in favor of the movant. *Jones v. Johnson,* 26 F.3d 727, 728 (7th Cir. 1994), *aff'd,* 515 U.S. 304 (1995). That is precisely the situation with respect to Dr. Amos in the present case as to the element of deliberate indifference to Calvin's serious medical needs, and therefore Dr. Amos' motion for summary judgment must be **granted**.

      Viewed in the light most favorable to Calvin, the evidence presents genuine issues of material fact as to whether the Dental Director for Putnamville (Dr. Lipsey) was personally aware of Calvin's medical needs and was personally indifferent to his condition. Deliberate indifference to Calvin's serious medical needs was supported by allegations that, because he lacked dentures, Calvin suffered substantial pain and other difficulties chewing and swallowing food and that his inability to chew aggravated his throat cancer and contributed to his acid reflux. There is a material question of fact regarding whether Dr. Lipsey was aware of these medical issues. It is clear however, that Dr. Lipsey, filled out Calvin's requests for dentures made to the DOC, but failed to include on these requests any indication that the lack of dentures was aggravating Calvin's acid reflux and throat cancer, and was causing him continuing pain. See Amos' Exhs. C and D. Assuming that Dr. Lipsey was aware of DOC policy, he knew that the request made on Calvin's behalf would be denied without this additional information because Calvin had been without teeth for more than two years and had dentures made for him within six years. This failure to place complete information in the request for denture approval may show Dr. Lipsey's deliberate indifference to Calvin's serious medical needs. Therefore, summary judgment is inappropriate as to this defendant.

      Calvin has come forward with a genuine issue for trial as to the claim against Dr. Lipsey, but not as to the claim against Dr. Amos. *Liberles v. County of Cook,* 709 F.3d 1122, 1126 (7th Cir. 1983) ("It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered."). Therefore, summary judgment is **granted** in favor of defendant Amos, but **denied** as to Dr. Lipsey.

      No partial final judgment shall issue at this time as to the claim resolved in this Entry.

      **IT IS SO ORDERED.**

Date: 01/16/2008

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Paul T. Fulkerson
SKILES DETRUDE
pfulkerson@skilesdetrude.com

Cory Christian Voight
INDIANA STATE ATTORNEY GENERAL
cory.voight@atg.in.gov

Clifford Oneal Calvin
#890377
Putnam County Correctional Facility
1946 West US Highway 40
Greencastle, IN 46135